# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **LORAINE LEONARD,** <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL J. ASTRUE,** <br> **Commissioner of Social Security,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:09-cv-761-PMW <br><br><br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Loraine Leonard's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## **BACKGROUND**

In April 2004, Plaintiff applied for DIB and SSI, alleging disability beginning on June 7, 2003.[1] Plaintiff's application was denied initially and upon reconsideration.[2] In February 2005,

---

[1] *See* docket no. 6, Administrative Record ("Tr. ____") 74-76, 456-59.

[2] *See* Tr. 35-36.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on March 9, 2007.[4] On April 19, 2007, the ALJ issued a written decision denying Plaintiff's claims.[5] In June 2009, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On September 4, 2009, Plaintiff filed her complaint in this case, which was assigned to District Judge Clark Waddoups.[7] The Commissioner filed his answer on November 12, 2009.[8] The following day, the court received the Administrative Record.[9]

On December 23, 2009, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[10] Consequently, the case was reassigned to

---

[3] *See* Tr. 39.

[4] *See* Tr. 516-59.

[5] *See* Tr. 15-34.

[6] *See* Tr. 6-7.

[7] *See* docket no. 3.

[8] *See* docket no. 4.

[9] *See* docket no. 6.

[10] *See* docket no. 8.

Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[11]

After receiving an extension of time,[12] Plaintiff filed her opening brief on March 19, 2010.[13] The Commissioner filed his responsive brief on April 15, 2010.[14] After receiving another extension of time,[15] Plaintiff filed her reply brief on May 7, 2010.[16]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th

---

[11] *See id*.

[12] *See* docket nos. 10, 11.

[13] *See* docket no. 12.

[14] *See* docket no. 13.

[15] *See* docket nos. 14, 15.

[16] *See* docket no. 16.

Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751

4

(quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) in evaluating the opinions of two of Plaintiff's treating sources; (2) in evaluating the credibility of Plaintiff's subjective complaints; (3) by failing to consider the combined impact of Plaintiff's impairments; (4) in assessing whether Plaintiff's impairments met or equaled certain listed impairments; and (5) in the analysis at step five of the sequential evaluation process. The court will address those arguments in turn.

# I. Treating Source Opinions

Plaintiff argues that the ALJ failed to properly evaluate the opinions of two of Plaintiff's treating sources, Dr. Kent Worthen and Dr. Lynn Morrill.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d). An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").

As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). In addition, a treating source's opinion that a claimant is disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* 20 C.F.R. §§ 404.1527(e), 416.927(e).

In this case, because the ALJ concluded that the opinions of Dr. Worthen and Dr. Morrill were entitled to little weight, it is implicit that the ALJ also viewed those opinions as not being entitled to controlling weight. Accordingly, the court turns to the deference and weight the ALJ gave to Dr. Worthen's and Dr. Morrill's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).

In reaching his determination about both Dr. Worthen's and Dr. Morrill's opinions, the ALJ properly relied upon the fact that their conclusions were not supported by their examination records, their treatment notes, and other medical evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(3)-(4), 416.927(d)(3)-(4). The ALJ also properly relied upon the fact that their

7

conclusions were inconsistent with other opinion evidence in the record. *See id*. §§ 404.1527(d)(4), 416.927(d)(4). Finally, the ALJ correctly noted that many of their conclusions related to issues reserved to the Commissioner, such as the determination of Plaintiff's RFC, her ability to work, or whether she was disabled. *See Castellano*, 26 F.3d at 1029; *see also* 20 C.F.R. §§ 404.1527(e)(1)-(2), 416.927(e)(1)-(2). For these reasons, the court concludes that the ALJ did not err in his evaluation of Dr. Worthen's and Dr. Morrill's opinions.

## II. Credibility

Plaintiff argues that the ALJ erred in evaluating the credibility of Plaintiff's subjective complaints. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;

8

> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony was not entirely credible. First, the ALJ properly relied upon the lack of objective medical evidence in the record to support Plaintiff's allegations about the degree of her physical and mental limitations. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 96-7p. Second, the ALJ properly noted inconsistencies between Plaintiff's testimony and his own observations of Plaintiff during the administrative hearing. *See* SSR 96-7p ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements."). Third, the ALJ properly noted that evidence of Plaintiff's daily activities was inconsistent with Plaintiff's testimony about the degree of her limitations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p. Finally, the ALJ properly considered the opinions of several of Plaintiff's treating sources indicating that Plaintiff was not precluded from sedentary work, and Plaintiff has not challenged the ALJ's

9

treatment of the opinions of those treating sources. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 96-7p.

To the extent that Plaintiff attempts to reargue the weight of the evidence before the ALJ on this issue, the court notes that such a tactic is futile because it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not entirely credible. Accordingly, the court concludes that the ALJ did not err in reaching that determination.

### III. Combined Impact of Impairments

Plaintiff argues that the ALJ erred by failing to consider the combined impact of Plaintiff's impairments. *See* 20 C.F.R. §§ 404.1523, 416.923. Specifically, Plaintiff asserts that the ALJ failed to consider the impact of her migraine headaches. That argument fails for several reasons.

First, as Plaintiff admits, the ALJ acknowledged Plaintiff's allegations of migraine headaches in his decision. While the ALJ may have chosen not to include any limitations specific to migraine headaches in his assessment of Plaintiff's RFC, that does not mandate the

conclusion, as Plaintiff asserts, that the ALJ "simply ignored them."[17] To the contrary, given that the ALJ specifically discussed Plaintiff's allegations of migraine headaches in his decision, the court cannot conclude that he did not consider them. *See, e.g.*, *Eggleston*, 851 F.2d at 1247 ("The ALJ's opinion addresses [the claimant's] various impairments, and we find nothing to suggest they were not properly considered.").

Second, Plaintiff's argument concerning her migraine headaches lacks record support. Plaintiff points to several portions of the record that reference migraine headaches, but many of those are simply recitations of Plaintiff's allegations of migraine headaches. The remaining portions of the record that Plaintiff relies upon contain her own testimony and the opinions of Dr. Worthen and Dr. Morrill, and the court has already concluded that the ALJ did not err in his evaluation of those portions of the record.

Finally, the court notes that it was Plaintiff's burden to demonstrate the severity of her migraine headaches. *See Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) ("In a social security disability case, the claimant bears the burden to prove her disability." (quotations and citation omitted)). For these reasons, the court concludes that the ALJ did not err in his consideration of the combined impact of all of Plaintiff's impairments, including her migraine headaches.

---

[17] Docket no. 12 at 12.

## IV. Listed Impairments

Plaintiff argues that the ALJ erred in assessing whether Plaintiff's impairments met or equaled certain listed impairments. *See* 20 C.F.R. § 404, Subpart P, Appendix 1. The court has determined that Plaintiff's argument on this issue amounts to an attempt to reargue the weight of the evidence before the ALJ, which the court has already established is a futile tactic. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Furthermore, to support her argument, Plaintiff relies exclusively upon the opinions of Dr. Worthen and Dr. Morrill, and the court has already concluded that the ALJ did not err in his treatment of those opinions. Accordingly, this argument fails.

## V. Step Five

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by: (A) giving a hypothetical to the vocational expert ("VE") that did not reflect all of Plaintiff's limitations, (B) determining that Plaintiff's RFC allowed her to perform jobs that exist in significant numbers in the national economy, and (C) failing to obtain an explanation for a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

### A. VE Hypothetical

First, Plaintiff argues that the ALJ erred by giving a hypothetical to the VE that did not reflect all of Plaintiff's limitations. Plaintiff asserts that the hypothetical given to the VE should have included the limitations expressed by Dr. Worthen and limitations concerning her migraine headaches. That argument fails. Plaintiff again attempts the ineffective strategy of rearguing the weight of evidence below. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790;

*Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  In addition, the court has already concluded that the ALJ did not err either in his treatment of Dr. Worthen's opinions or in his consideration of Plaintiff's allegations of migraine headaches.  Based on his proper consideration of that evidence, the ALJ obviously chose not to include limitations in Plaintiff's RFC to reflect Dr. Worthen's opinions or Plaintiff's allegations of migraine headaches.  Accordingly, the ALJ was not required to include those limitations in the hypothetical given to the VE.  *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment.  Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

## B.  Jobs

Second, Plaintiff argues that the ALJ erred by determining that Plaintiff's RFC allowed her to perform jobs that exist in significant numbers in the national economy.  Plaintiff admits that the ALJ fulfilled his responsibility to ask the VE about any potential conflicts between his testimony and the DOT, *see* SSR 00-4p; *see also Haddock v. Apfel*, 196 F.3d 1084, 1089-92 (10th Cir. 1999), and that the VE identified the sit/stand option as the only conflict.  To explain that conflict, the VE testified that he had reduced the number of available jobs based on the sit/stand option, as well as all of the other limitations from Plaintiff's RFC that were included in

the hypothetical provided by the ALJ.[18]  Even after making those reductions, the VE identified 244,000 jobs that existed in the national economy that Plaintiff could peform.[19]

Relying on *Eback v. Chater*, 94 F.3d 410 (8th Cir. 1996), Plaintiff argues that it was somehow improper for the VE to reduce the number of available jobs based on Plaintiff's RFC because "an ALJ must identify jobs that are consistent with a claimant's specific impairments as those jobs are generally performed – not as they may be performed with accommodations."[20]  That argument fails for several reasons.  First, not only is *Eback* not binding precedent in this circuit, but the court does not view it as persuasive here because it does not directly support Plaintiff's argument.  *See id*. at 412 (addressing whether it was appropriate for a VE, when responding to the ALJ's hypothetical, to assume that employers would be willing to make a reasonable accommodation to the claimant under the Americans With Disabilities Act).

Second, the court is unwilling to entertain Plaintiff's overreaching argument, in which she essentially asks the court to rule that a VE may never reduce the number of available jobs based on limitations contained in a claimant's RFC.  In the court's experience, such reductions by a VE are both commonplace and necessary under the appropriate circumstances, such as those presented in this case.

---

[18]  *See* Tr. 551-57.

[19]  *See id*.

[20]  Docket no. 16 at 9.

Finally, in this case, even after making reductions to account for Plaintiff's RFC, the VE still identified 244,000 jobs in the national economy that Plaintiff could perform. Under those circumstances, the court cannot conclude that the ALJ erred by determining that Plaintiff's RFC allowed her to perform jobs that exist in significant numbers in the national economy.

### C. VE Testimony and DOT

Plaintiff argues that the ALJ erred by failing to obtain a reasonable explanation from the VE for a conflict between his testimony and the DOT. *See* SSR 00-4p; *see also Haddock*, 196 F.3d at 1089-92. Specifically, Plaintiff asserts that the VE's testimony contradicted the lifting requirements for sedentary work.

In the hypothetical given to the VE, the ALJ indicated that Plaintiff could lift no more than 5 to 8.5 pounds.[21] All of the jobs identified by the VE required sedentary work, which requires "lifting no more than 10 pounds at a time." 20 C.F.R. §§ 404.1567(a), 416.967(a). Plaintiff asserts that the VE's identification of jobs involving sedentary work somehow conflicts with the lifting requirements the ALJ included in the hypothetical and in Plaintiff's RFC.

Plaintiff's argument is without merit. Although it is not entirely clear, Plaintiff appears to argue that sedentary work requires the ability to lift a minimum of 10 pounds. However, as noted above, sedentary work requires "lifting *no more* than 10 pounds at a time." 20 C.F.R. §§ 404.1567(a), 416.967(a) (emphasis added). The ALJ's stated limitation that Plaintiff could lift no more than 5 to 8.5 pounds clearly falls within that stated upper limit of 10 pounds.

---

[21] *See* Tr. 551.

Because there is no conflict between the VE's testimony and the DOT with respect to the lifting requirements for sedentary work, the ALJ was not required to explore that issue with the VE. *See* SSR 00-4p; *see also Haddock*, 196 F.3d at 1089-92.

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 28th day of September, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge